Opinion filed June 18, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 18, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00136-CR

                                                    __________

 

                          CHARLES EDWARD TAYLOR, JR., Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 8693D

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
trial court convicted Charles Edward Taylor, Jr., upon his plea of guilty, of
aggravated sexual assault of a child.  A plea bargain agreement was not
entered.  The trial court assessed punishment at confinement for forty years. 
We dismiss for want of jurisdiction.








The
clerk=s record has
been filed in this court.  The record reflects that the trial court imposed the
sentence in open court on January 22, 2009.  A motion for new trial was timely
filed.  In order to timely perfect an appeal, the notice of appeal was due to
be filed on or before April 22, 2009, 90 days after the date the sentence was
imposed in open court.  Tex. R. App. P. 26.2. 
The notice of appeal was filed on April 24, 2009.

In
order to extend the time for perfecting an appeal, Tex. R. App. P. 26.3 requires that both the notice of appeal
and the motion for extension of time be filed within fifteen days of the
original due date for the notice of appeal.  The Court of Criminal Appeals has
strictly applied the time limits for perfecting an appeal and for extensions of
time and has declined to enlarge the time limits under Tex. R. App. P. 2.  Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998); Olivo v. State, 918 S.W.2d 519, 522-24 (Tex.
Crim. App. 1996); Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex. Crim.
App. 1993); Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

Appellant=s explanation for failure
to timely file his notice of appeal was filed in this court on May 14, 2009,
twenty-two days after the original April 22, 2009 due date and beyond the
fifteen day time frame in Rule 26.3.  Since neither the notice of appeal was
timely nor the requirements of Rule 26.3 were met, this court lacks
jurisdiction to entertain this appeal.  Slaton, 981 S.W.2d at 209-10; Olivo,
918 S.W.2d at 522-24; Rodarte, 860 S.W.2d at109-10; Shute, 744
S.W.2d at 97.  Appellant may be able to secure an out of time appeal by filing
a postconviction writ pursuant to Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).

The
appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

June 18, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.